**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**COPPERTAIL BREWING CO., LLC,**

Plaintiff,

v. Case No.

**COPPER TOP BREWERY, LLC,**

Defendant.
_______________________________/

**COMPLAINT – INJUNCTIVE RELIEF SOUGHT**

Plaintiff, Coppertail Brewing Co., LLC, files its Complaint against Defendant, Copper Top Brewery, LLC for trademark infringement. Coppertail Brewing Co. LLC, through its undersigned attorneys, alleges as follows for its complaint against Copper Top Brewery, LLC:

**The Parties**

1. Coppertail Brewing Co. LLC ("Coppertail") is a Florida limited liability company with a principal place of business at 2601 East 2nd Avenue, Tampa, Florida 33605.

2. Upon information and belief, Defendant Copper Top Brewery, LLC is a Florida limited liability company with an address of 528 Squire Dr., Wellington, Florida 33414. Upon information and belief, Copper Top Brewery, LLC is doing business as "Coppertop Brewing Company" (hereinafter "Coppertop").

**Jurisdiction and Venue**

3. This is an action for trademark infringement and unfair competition in violation of the laws of the United States and the State of Florida. Specifically, Coppertail alleges

trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a) and the common law of the State of Florida, and unfair competition in violation 15 U.S.C. § 1125(a) and the common law of the State of Florida. In addition, Coppertail alleges deceptive trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act, F.C.A. 501.201 *et seq*.

4. This Court has subject matter jurisdiction over the claims asserted under the Lanham Act, pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and (b).

5. This Court has supplemental jurisdiction over the remaining claims asserted in this Complaint pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy, and they are derived from a common nucleus of operative facts.

6. This Court has personal jurisdiction over Coppertop because Coppertop is a Florida entity conducting business within the state.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to Coppertail's claims occurred in Tampa, Florida.

**Background**

8. Coppertail is a Florida-based craft brewer of beer and ale.

9. Coppertail owns U.S. Trademark Registration No. 4,589,348, filed on October 23, 2012, for COPPERTAIL BREWING CO. for beer, ale, lager, stout and porter. A true and correct copy of the registration is attached as **Exhibit A** hereto.

10. U.S. Registration No. 4,589,348 ("the '348 Registration") constitutes prima facie evidence of the validity of the COPPERTAIL BREWING CO. mark, Coppertail's ownership thereof, and Coppertail's exclusive right to use the mark nationwide.

11. The '348 Registration remains active, valid and enforceable.

12. Coppertail has developed common law trademark rights in the COPPERTAIL and COPPERTAIL BREWING CO. marks through its continuous use of the marks since at least 2012.

13. The COPPERTAIL BREWING CO. mark has developed substantial public recognition and goodwill.

14. Coppertail has invested significant funds in advertising to promote the COPPERTAIL BREWING CO. mark. As part of its brand investment, Coopertail advertises its goods and services through traditional advertising, social media, promotional goods (e.g., shirts, and hats), product packaging, company property branding, website and blog, email marketing, and press releases.

**COPPERTOP'S ADOPTION OF THE MARK**

15. Coppertop is a Florida-based crafter of beer and ale.

16. Coppertail and Coppertop are competitors.

17. Upon information and belief, Coppertop has advertised and promoted its beer on social media in association with the name COPPERTOP BREWING CO.

18. Upon information and belief, Coppertop has distributed goods at beer festivals under the name COPPERTOP BREWING CO.

19. Coppertail informed Coppertop of its concern regarding consumer confusion between COPPERTAIL BREWING CO. and COPPERTOP BREWING CO.

20. Coppertail has received several inquiries regarding whether it is offering its beer under the COPPERTOP mark.

21. Despite knowing of Coppertail's senior rights, Coppertail recently learned that Coppertop is constructing a brewery in Florida.

22. Coppertop continues, in bad faith, to use the mark COPPERTOP BREWING CO. in connection with beer and ale, without right or authorization from Coppertail.

23. Coppertop's use of the COPPERTOP and/or COPPERTOP BREWING CO. mark related to beer constitutes an infringement of Coppertail's trademark. Coppertail seeks, among other things, an injunction enjoining Coppertop's wrongful and unlawful use of the COPPERTAIL BREWING CO. mark for beer and seeks damages for the harm Coppertop has already caused.

24. Coppertop's continuous willful, intentional, and unauthorized use of the COPPERTOP BREWING CO. trademark constitutes an infringement of Coppertail's trademark rights. Coppertop should not be permitted to trade off of the COPPERTAIL BREWING CO. brand, which has acquired significant goodwill and consumer recognition in the craft beer industry. Coppertop's use of the COPPERTOP BREWING CO. mark directly and unfairly competes with Coppertail's trademark.

25. Accordingly, Coppertop should be permanently enjoined from using the COPPERTOP BREWING CO. mark, or any name confusingly similar to COPPERTAIL, in connection with beer. In addition, Coppertop is liable for damages caused by past infringements.

26. The recent visibility of Coppertop's infringing activities threaten Coppertail's reputation and goodwill in the COPPERTAIL BREWING CO. marks as well as its credibility as a leader in the craft beer industry.

## COUNT I

## TRADEMARK INFRINGEMENT - VIOLATION OF SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114(1)

27. Coppertail realleges and incorporates by reference paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

28. Coppertop's use of the COPPERTOP BREWING CO. mark in connection with the distribution, sale, provision and/or advertising for beer and related products is confusingly similar to Coppertail's use of its COPPERTAIL BREWING CO. trademark for the same goods. Coppertop's use of the COPPERTOP BREWING CO. mark in connection with the distribution, sale, provision and/or advertising of beer, places these marks in the same channels of trade as the goods offered under Coppertail's COPPERTAIL BREWING CO. trademark and has, and is likely to continue to cause confusion, or to cause mistake, or to deceive consumers.

29. Coppertop's use of the COPPERTOP BREWING CO. mark with distribution, marketing and advertising for its beer is confusingly similar to Coppertail's COPPERTAIL BREWING CO. trademark and is likely to cause confusion as to the source of the goods. By confusing and misleading consumers as to the origin of its goods, Coppertop has infringed the rights of Coppertail.

30. Section 32 of the Lanham Act, 115 U.S.C. §1114(1)(a), provides, in pertinent part that "[a]ny person who shall, without the consent of the registrant – use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant. . . ."

31. Coppertop's use of COPPERTOP BREWING CO. for beer is an infringing use in commerce of a reproduction, counterfeit, copy or colorable imitation of Coppertail's COPPERTAIL BREWING CO. trademark. Coppertop's distribution, sale, offering for sale, provision or advertising of goods under Coppertail's mark, or any marks similar thereto, causes and is likely to continue to cause confusion or mistake or to deceive the public as to the services or sponsorship of services offered in violation of 35 U.S.C. §1114(1).

32. As a direct and proximate result of Coppertop's infringement, Coppertail has been and is likely to continue to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

33. Upon information and belief, Coppertop has acted willfully and wantonly with intent to injure Coppertail.

34. Coppertail is being damaged by the wrongful actions of Coppertop in an amount to be established at trial, and that includes all of Coppertop's profits and all of Coppertail's lost profits. Coppertail is also entitled to damages in amount not less than three times actual damages.

35. Coppertail is being irreparably injured by the unlawful acts of Coppertop. Coppertail has no adequate remedy at law. Therefore, Coppertail is entitled to an injunction prohibiting Coppertop from further use of Coppertail's COPPERTAIL BREWING CO. trademark or any term confusingly similar, including COPPERTOP BREWING CO.

36. Coppertail is entitled to recover its attorneys' fees and costs.

**COUNT II**

**FEDERAL UNFAIR COMPETITION -- FALSE DESIGNATION OF ORIGIN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)**

37. Coppertail realleges and incorporates by reference paragraphs 1 through 36 of this Complaint, as if fully set forth herein.

38. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation . . . or as to the origin, sponsorship, or approval of . . . goods [or] services . . . shall be liable in a civil action . . . ."

39. The acts of Coppertop in marketing, promoting, and offering beer using COPPERTOP BREWING CO. is likely to cause confusion or mistake, or to deceive relevant consumers and prospective consumers as to the origin, sponsorship, association or approval of the goods and services provided by Coppertop, or to cause confusion or mistake or to deceive relevant consumers and prospective consumers that Coppertop is connected or otherwise associated with Coppertail.

40. The conduct described herein has been without authorization of Coppertail and has damaged, is damaging, and is likely to continue to damage Coppertail in an amount to be determined at trial.

41. As a direct and proximate result of Coppertop's unfair competition, Coppertail has been and will be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

42. Coppertop's on-going acts of infringement in violation of 15 U.S.C. § 1125(a) are malicious, fraudulent, willful, and deliberate.

43. Coppertop's on-going acts of infringement in violation of 15 U.S.C. § 1125(a) have inflicted irreparable harm on Coppertail. Therefore, Coppertail is entitled to an injunction prohibiting Coppertop from further use of Coppertail's mark COPPERTAIL BREWING CO. or any term confusingly similar, including COPPERTOP BREWING CO.

44. Coppertail has no adequate remedy at law because Coppertail's COPPERTAIL BREWING CO. mark is unique and represents to the public Coppertail's identity, reputation, and goodwill, such that damages alone cannot fully compensate Coppertail for Coppertop's misconduct.

45. Unless enjoined by the Court, Coppertop will continue to compete unfairly with Coppertail. The resulting irreparable injury to Coppertail's business identities, goodwill, and reputation requires injunctive relief to prevent Coppertop continued unfair competition, and to ameliorate and mitigate Coppertail's injuries.

46. As a result of Coppertop's unfair competition, Coppertop owe damages, restitution, and disgorgement of profits, in an amount unknown at this time to Coppertail, and which amount cannot be ascertained without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements and books from Coppertop.

47. This case is exceptional within the meaning of 15 U.S.C. §1117(a) and Coppertail is entitled to recover its attorney's fees and costs.

## COUNT III

## DECEPTIVE TRADE PRACTICES
## (Florida Deceptive and Unfair Trade Practices Act FCA § 501.201 *et seq.*)

48. Coppertail realleges and incorporates by reference paragraphs 1 through 47 of this Complaint, as if fully set forth herein.

49. Coppertop's use of Coppertail's COPPERTAIL BREWING CO. mark, or a confusingly similar mark, such as COPPERTOP BREWING CO., for beer, is confusingly similar to Coppertail's use of its COPPERTAIL BREWING CO. mark for identical goods. Coppertop's use of COPPERTAIL BREWING CO., or a confusingly similar mark, such as COPPERTOP BREWING CO., for beer in connection with the distribution, sale, advertising and promotion of beer, occurs in the same or similar channels of trade as the services offered under Coppertail's COPPERTAIL BREWING CO. trademark.

50. Coppertop is improperly trading on the goodwill Coppertail has earned with the purchasing public for beer by causing the public to be confused as to the sponsorship or affiliation of Coppertop's goods.

51. Coppertop's conduct constitutes unfair methods of competition and unfair or deceptive acts or practices as defined in Florida Code §501.204.

52. Coppertail has been damaged by Coppertop in an amount to be set at trial which amount is no less than Coppertop's profits and Coppertail' lost profits. Coppertail is also entitled to punitive damages in an amount sufficient to punish Coppertop for their reprehensible, malicious, deceitful, unconscionable, and reckless behavior.

53. Coppertail is entitled to injunctive relief and to recover its attorney fees and costs.

**COUNT IV**

**COMMON LAW TRADEMARK INFRINGEMENT**

54. Coppertail realleges and incorporates by reference paragraphs 1 through 53 of this Complaint, as if fully set forth herein.

55. Beginning at least as early as 2012, Coppertail has developed common law rights in COPPERTAIL and COPPERTAIL BREWING CO. for use with, at least, beer and related goods.

56. Coppertop's use of COPPERTOP and COPPERTOP BREWING CO. is confusingly similar to Coppertail's common law marks COPPERTAIL and COPPERTAIL BREWING CO. and has caused is likely to continue to cause confusion as to the source of goods. By creating a likelihood of confusion as to the source of its services, Coppertop has infringed the common law rights of Coppertail.

57. Upon information and belief, Coppertop has acted willfully and wantonly with intent to injure Coppertail.

58. Coppertail is being damaged by the wrongful actions of Coppertop in an amount to be established at trial, and that includes all of Coppertop's profits and all of Coppertail's lost profits. Coppertail is also entitled to punitive damages in an amount sufficient to punish Coppertop for their reprehensible, malicious, deceitful, unconscionable, and reckless behavior.

59. Coppertail is being irreparably injured by the unlawful acts of Coppertop. Coppertail has no adequate remedy at law. Therefore, Coppertail is entitled to an injunction prohibiting Coppertop from further use of COPPERTOP BREWING CO. or any term confusingly similar, including COPPERTOP.

60. Coppertail is entitled to recover its attorney fees and costs.

**COUNT V**

**COMMON LAW UNFAIR COMPETITION**

61. Coppertail realleges and incorporates by reference paragraphs 1 through 60 of this Complaint, as if fully set forth herein.

62. Coppertop's use of COPPERTOP BREWING CO. is confusingly similar to Coppertail's COPPERTAIL BREWING CO. mark.

63. Coppertop is improperly trading on the goodwill Coppertail has earned with the purchasing public for beer and related goods by causing the public to be confused as to the sponsorship or affiliation of Coppertop's beer.

64. Coppertop's conduct is unlawful.

65. Upon information and belief, Coppertop has acted willfully and wantonly with intent to injure Coppertail.

66. Coppertail is being damaged by Coppertop's wrongful actions in an amount that is not yet determined, but is not less than Coppertop' profits and Coppertail's lost profits. Coppertail is entitled to punitive damages in an amount sufficient to punish Coppertop for their reprehensible, malicious, deceitful, unconscionable, and reckless behavior.

67. Coppertail is entitled to recover its attorney's fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE,** Coppertail respectfully prays for the following relief against Coppertop:

A. The entry of a temporary and permanent injunction enjoining Coppertop, its officers, directors, shareholders, agents, servants, employees, and those persons or entities in active concert or participation with them:

1. From using Coppertail's COPPERTAIL BREWING CO. trademark or any trademark, service mark, logo or trade name, including "COPPERTOP" and COPPERTOP BREWING CO., that is confusingly similar for beer and related goods, and including in connection with Google or any other Internet search engine;

2. Requiring Coppertop to promptly eliminate any and all goods and advertising using COPPERTAIL or any other confusingly similar designations, such as COPPERTOP or COPPERTOP BREWING CO. including in connection with the above-referenced goods, from all product labels, advertising, the Internet, search engines, web sites, all media, including, but not limited to, newspapers, flyers, coupons, promotions, indoor and outdoor signs, telephone books, telephone directory assistance listings, and mass mailings, all at Coppertop's cost;

3. From passing off any of the products or services they offer, as those of Coppertail;

4. From causing a likelihood of confusion or misunderstanding as to the source, sponsorship or affiliation of the businesses, products or services that offer by using identical or similar marks;

5. Requiring Coppertop to file with the Court and to serve upon Coppertail's counsel within ten (10) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which they have complied with such injunction or order;

B. Entry of an Order:

1. Awarding to Coppertail all damages caused by Coppertop;

3. Awarding Coppertail all of Coppertop's profits derived from Coppertop's use of COPPERTOP or COPPERTOP BREWING CO. in the course of business;

4. Finding that Coppertop has acted knowingly, willfully, wantonly, reprehensibly, maliciously, deceitfully, unconscionably, and recklessly and awarding to Coppertail treble damages and/or such other punitive or exemplary award allowed by law;

5. Awarding Coppertail costs and expenses, including reasonable attorneys' fees, incurred by Coppertail in connection with this action as provided for by statute or by law; and

6. Granting such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Coppertail hereby demands a trial by jury in this action for all issues that are triable to a jury.

DATED this 28th day of October, 2014.

**ALLEN DELL, P.A.**

**/s/ Patrick A. Traber**
Patrick A. Traber, Esquire
Florida Bar No. 0015802
ptraber@allendell.com
Allen Dell, P.A.
202 South Rome Avenue
Suite 100
Tampa, Florida 33606
Telephone: (813) 223-5351
Facsimile: (813) 229-6682
Counsel for Plaintiff